**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/16/2020
```

U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE, AS SUCCESSOR IN INTEREST TO
BANK OF AMERICA, N.A., AS TRUSTEE FOR
THE REGISTERED HOLDERS OF CREDIT SUISSE
FIRST BOSTON MORTGAGE SECURITIES CORP.,
COMMERCIAL MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-C2, ACTING BY
AND THROUGH ITS SPECIAL SERVICER,
TORCHLIGHT LOAN SERVICES, LLC,

          Plaintiff,

vs.

KEYBANK, NATIONAL ASSOCIATION, AS
SUCCESSOR BY MERGER TO KEYCORP REAL
ESTATE CAPITAL MARKETS, INC. AND
BERKADIA COMMERCIAL MORTGAGE, LLC,

          Defendants.

Case No. 1:20-CV-3577 (AT)

## STIPULATED PROTECTIVE ORDER

The parties have informed the Court that certain documents and information have been and may be sought, produced or exhibited by and between the parties in this action (the "Action") and that some of these documents relate to the parties' and third parties' proprietary information, financial information, competitive information or other types of sensitive non-public information that the party making the production deems confidential.

It has been agreed by the parties to this Action, through their respective counsel, to preserve the confidentiality of certain documents and information, that a protective order should be entered by the Court.  Until such time as this Stipulated Protective Order (the "Protective Order") has been entered by the Court, the parties agree that, upon execution by the parties, it will be treated as though it has been "So Ordered."

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by and among the parties hereto, through their undersigned counsel,

1

that the following provisions of the Protective Order govern disclosure and use by the parties of all documents, including but not limited to electronically stored information, testimony, exhibits, interrogatory answers, responses to requests to admit and any other materials and information produced or provided, in the Action.

The Court has reviewed the terms and conditions of this Protective Order.  Based on the parties' submissions, it is hereby ORDERED that:

1.      DEFINITIONS.

1.1      Party: Any named party to the Action, including its officers, directors, employees, consultants, retained experts, servicers pursuant to the Pooling and Servicing Agreement dated as of May 1, 2007 among Credit Suisse First Boston Mortgage Securities Corp., Keycorp Real Estate Capital Markets, Inc., Wachovia Bank, National Association, ING Clarion Partners, LLC, and Wells Fargo Bank, N.A., and outside counsel (and their support staff) for any of the foregoing.

1.2      Discovery Material: All documents, items, or other information, regardless of the medium or manner generated, stored or maintained (including, without limitation, testimony, transcripts or tangible things) that are produced or generated in disclosures or responses to discovery requests in this matter.

1.3      "Confidential" Information or Items: Information (regardless of how generated, stored or maintained), testimony or tangible things obtained during discovery in the Action that the Disclosing Party reasonably and in good faith believes contains or would disclose non-public, confidential, personal, proprietary, financial, customer, client or commercially sensitive information, confidential trade secrets or non-public research that requires the protections provided in this Protective Order, including, but not limited to, any information that constitutes confidential information under  Rule 26(c) of the Federal Rules of Civil Procedure  or applicable laws or regulations.  "Confidential" Information includes information (including Personal Data as defined in Paragraph 1.8) of which applicable law requires the equivalent of "Confidential" treatment as set forth in this Protective Order. .

2

"Confidential" Information shall not include information that is public or that after disclosure becomes public other than by an act or omission of the Receiving Party.

      1.4    <u>"Highly Confidential" Information or Items</u>: "Confidential" Information or Items that the Disclosing Party reasonably and in good faith believes contains (a) material regarding business strategy, trade secrets and other commercial or financial information, the disclosure of which to another Party or non-party would create a substantial risk of causing the Disclosing Party to suffer significant competitive or commercial disadvantage; or (b) Personal Data, as defined in Paragraph 1.8 hereof, including, but not limited to, social security numbers, home telephone numbers, home addresses, tax returns, medical information, personal credit and banking information and personal financial information. "Highly Confidential" Information shall not include information that is public or that after disclosure becomes public other than by an act or omission of the Receiving Party or by a person who has no legal right to make the information public.  Highly Confidential information also includes information as to which applicable law requires the equivalent of "Highly Confidential" treatment as set forth in this Protective Order.

      1.5    <u>Disclosing Party</u>: A Party or non-party that produces Discovery Material in the Action.

      1.6    <u>Receiving Party</u>: A Party that receives Discovery Material from a Disclosing Party in the Action.

      1.7    <u>Designating Party</u>: A Party or non-party that designates Discovery Material as "Confidential" or "Highly Confidential."

      1.8    <u>Personal Data</u>: Any information that a Party believes in good faith to be subject to data protection laws or other privacy obligations.  Personal Data constitutes materials requiring special protection.  Examples of such data protection laws potentially include but are not limited to: The Health Insurance Portability and Accountability Act and the regulations thereunder and 45 CFR Part 160 and Subparts A and E of Part 164 (medical information).  Other examples of Personal Data may include, but are not limited to, an

individual's social security number, an individual's account number, credit or debit card number that would permit access to an individual's financial accounts and driver's license numbers or non-driver identification card numbers.  Nothing in this Paragraph shall be used to imply that any law permits, or does not permit, the production of certain data, regardless of whether such data is designated as "Personal Data."

       1.9    <u>Protected Material</u>: Any Discovery Material that is designated as "Confidential" or "Highly Confidential."

       1.10    <u>Outside Counsel</u>: Attorneys, paralegals, other law firm personnel, employees and contractors who are not employees of a Party but who are retained to represent or advise a Party in the Action.

       1.11    <u>In-House Counsel</u>: Attorneys, paralegals, other legal department personnel and compliance department personnel who are employees of a Party, to whom disclosure of Discovery Material is reasonably necessary for this litigation.

       1.12    <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as their support staffs).

       1.13    <u>Principal</u>: An owner, officer, or executive of any Party whose identity as an owner, officer or executive has been disclosed to all other Parties.

       1.14    <u>Expert</u>: A person who is not an owner, director, officer or employee of a Party, who has specialized knowledge or experience in a matter pertinent to this litigation, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in the prosecution or defense of the Action, including his or her employees and support personnel.  This definition includes, without limitation, professional jury or trial consultants retained in connection with this litigation.

       1.15    <u>Professional Vendors</u>: Persons or entities that provide litigation support services (*e.g.,* preparing exhibits or demonstrations. photocopying, videotaping. translating, organizing, storing or retrieving data in any form or medium) and their employees and subcontractors.

2.      UNDERLINE{USE OF DISCOVERY MATERIALS IS LIMITED TO THIS CASE}.  Subject to the provisions of Paragraphs 13, 15 and 19 hereof, Discovery Material may be used by the Receiving Party solely for purposes of the prosecution or defense, including any settlement thereof, of the Action, and for no other purpose whatsoever.

3.      <u>DESIGNATING MATERIAL</u>.  The Disclosing Party may, subject to the provisions of this Protective Order, designate Discovery Material as "Confidential" or "Highly Confidential."  The Disclosing Party shall apply a confidentiality designation only when the party has a reasonable, good faith basis that the information so designated constitutes "Confidential" or "Highly Confidential" material. The protections conferred by this Protective Order cover not only the protected information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries or compilations thereof, plus testimony, conversations or presentations by Parties or Counsel to or in court or in other settings that might disclose Protected Material to persons not authorized to receive such material.  Where the designation of "Confidential" or "Highly Confidential" is based on the presence of Personal Data, the Disclosing Party may designate the material as "Personal Data-Confidential or "Personal Data-Highly Confidential" respectively.

3.1      Manner and Timing of Designations: Except as otherwise provided in this Protective Order or as otherwise stipulated or ordered, Discovery Material must be designated for protection under this Protective Order by clearly designating the material before it is disclosed or produced.

3.2      The designation of materials as either "Confidential" or "Highly Confidential" shall be made as follows:

a)      For ESI, by either (1) imprinting "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the face of each page of a document so designated; (2) affixing a stamp with "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the medium on which the electronic data is stored when copies are delivered to a Receiving Party; or (3)

5

designating the production as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the transmittal cover letter.

b)    For produced documents, by imprinting the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the face of each page of a document so designated or in a similarly conspicuous location for non-document materials.

c)    For written discovery responses, by imprinting the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" next to or above any response to a discovery request or on each page of a response.

d)    For depositions, by indicating in the record at the deposition which portions of the transcript and/or responses shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Alternatively, within thirty (30) days after receipt of the transcript or recording of such deposition or other pretrial or trial proceeding, the Disclosing Party may designate such transcript or recording or any portion or portions thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by notifying all Parties, in writing, of the specific pages and lines of the transcript or recording that should be treated as Confidential Discovery Material or Highly Confidential Discovery Material.  All transcripts or recordings of depositions shall be treated as "HIGHLY CONFIDENTIAL" for thirty (30) days after receipt of the transcript or recording or until written notice of a designation is received, whichever occurs first.

e)    For all other Discovery Material, by placing or affixing on each page of such material (in such manner as will not interfere with the legibility thereof) a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation.

f)    The same procedures as set forth in this Paragraph 3.2 shall apply to the designation of material as "Personal Data-Confidential" and "Personal Data-Highly Confidential."

3.3    <u>Upward Designation of Information or Items Produced by Other Parties or Non-Parties</u>: Subject to the standards of Paragraph  3, a Party may upward

designate (*i.e.,* change any Discovery Material produced without a designation to a designation of "Confidential" or "Highly Confidential" or designate any Discovery Material  produced as "Confidential" to a designation of "Highly Confidential") any Discovery Material produced by another Party or non-party, provided that said Discovery Material contains the upward designating Party' s own trade secrets or other confidential research, development, financial, personal or commercially sensitive information, or otherwise is entitled to protective treatment under Rule 26(c) of the Federal Rules of Civil Procedure  or other law.

3.3.1   Upward designation shall be accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information) the Discovery Material to be re-designated within thirty (30) days of production by the Disclosing Party.  Failure to upward designate within thirty (30) days of production, by itself, will not prevent a Party from obtaining the agreement of all Parties to upward designate certain Discovery Material or from moving the Court for such relief.  Any Party may object to the upward designation of Discovery Material pursuant to the procedures set forth in Paragraph 9 regarding challenging designations.

3.3.2   In addition, it is possible that a Party may conclude that certain Personal Data should be given alternative or additional protections beyond those afforded by this Protective Order, in which event the Parties shall meet and confer in good faith in order to reach a mutually agreeable solution, and if unsuccessful, the Party seeking such treatment shall present the issue to the Court for resolution.  However, nothing in this Paragraph shall prevent any Discovery Material that has already been produced from being shown to a deponent at his or her deposition consistent with the terms of this Protective Order unless a request for alternative or additional protections for that specific Discovery Material has been made in writing at least five (5) days prior to the date of the deposition.  Nothing in this Paragraph shall be used to imply that any particular law applies or does not apply, or that any applicable law would or would not permit the production of certain data.

4.      DISCLOSURE OF DISCOVERY MATERIAL PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE, OR WORK PRODUCT DOCTRINE.

4.1     This Protective Order is without prejudice to any Disclosing Party's right to assert that any Discovery Material is subject to any applicable claim of privilege or protection, including, but not limited to, the attorney-client privilege and work product doctrine, and is without prejudice to any other Party's right to contest such a claim of privilege or protection.

4.2     Consistent with Rule 502(d) of the Federal Rules of Evidence, if a Party or non- party notifies any other Party that it disclosed Discovery Material that is protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or immunity ("Privileged Material"), the disclosure shall not be deemed a waiver in whole or in part of the applicable privilege or protection, either as to the specific material or information disclosed or as to any of the material or information relating thereto or on the same or related subject matter.

4.3     If the Disclosing Party believes that Privileged Material was inadvertently produced, the Disclosing Party shall notify in writing any party to which it produced the material of the claim of privilege or protection and the basis for such claim to the extent required by Rule 26 of the Federal Rules of Civil Procedure (a "Privileged Material Notice").

4.3.1   Within five (5) days of receipt of a Privileged Material Notice, the party to whom the Privileged Material was produced shall provide a certification of Counsel that all such disclosed Discovery Material (and any copies thereof) has been sequestered (as provided below) returned or destroyed, and shall not use such items for any purpose until further order of the Court.  The obligation to destroy Privileged Material does not apply to material stored in a manner that makes it unreasonably difficult to destroy, in particular material that is (a) stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; or (b) located in the email archive system

or archived electronic files of departed employees, but such retained material shall be treated in accordance with the Protective Order.  Notwithstanding the foregoing, the Receiving Party may sequester a copy of relevant Privileged Material, in a secure medium that is segregated from any general document depositories that the Receiving Party has established, for purposes of evaluating the claim of privilege, and of bringing a good faith motion for an order allowing use of such Privileged Material in the Action as provided in Paragraph 4.5 hereof, which motion (unless the Disclosing and Receiving Party otherwise agree) must be brought, under seal, within thirty (30) days of receipt of the Privileged Material Notice.

4.4    If the Receiving Party determines that it has received Discovery Material that constitutes Privileged Material, the Receiving Party shall destroy or return all copies of such Discovery Material to the Disclosing Party within ten (10) days of the discovery of such information and shall provide a certification of Counsel that all such disclosed Discovery Material (and any copies thereof) has been returned or destroyed, and shall not use such items for any purpose until further order of the Court.  When appropriate, the Disclosing Party will provide a redacted version of such Discovery Material to the Receiving Party within five (5) days of the discovery of such Discovery Material.

4.5    Should the Party to whom the Privileged Material was produced seek to challenge the designation of such material as privileged or protected, it shall notify the Disclosing Party in writing and not use or disclose the material until the claim is resolved. Following the receipt of any objection, the objecting Party and the Disclosing Party shall meet and confer in an effort to resolve any disagreement regarding the Disclosing Party's designation of the material as privileged or protected.  If the parties cannot resolve their disagreement, the objecting Party shall promptly present the issue to the Court for a determination of the Disclosing Party's claim of privilege or protection.  The production of Privileged Material, whether inadvertent or otherwise, shall not itself serve as the basis of the motion.  While any such motion is pending, the Discovery Material subject to that motion will be treated as privileged or protected until the Court makes its ruling.  If the Court determines

that such material is privileged or protected, the Receiving Party shall (to the extent it has not already done so, *e.g.* as required under Paragraph 4.3.1 hereof), return or destroy such disclosed Privileged Material and all copies thereof within (5) five days of the Court's ruling.

        4.6     In the event that a Receiving Party reasonably incurs (or expects to incur) material costs or expenses in destroying or returning Privileged Material in response to a Privileged Material Notice, this Protective Order shall have no effect on (a) a Receiving Party's right to seek relief from the Court, including an order providing for shifting or allocating such costs or expenses, in whole or in part, to the Party responsible for issuing the Privileged Material Notice; or (b) any Party's right to oppose any such request for relief, and any such rights are instead expressly reserved.

        5.     <u>INADVERTENT   FAILURE   TO   IDENTIFY   MATERIALS   AS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL</u>."  Any Party who inadvertently fails to identify Discovery Material as "Confidential" or "Highly Confidential" shall have thirty (30) days from the discovery of its oversight to correct its failure.  Such failure shall be corrected by providing the Receiving Party written notice of the error and substituted copies of the inadvertently produced Discovery Material.  The Receiving Party shall thereafter treat the information as Confidential or Highly Confidential Discovery Material.  The Receiving Party shall also make a reasonable, good faith effort to ensure that any analyses, memoranda, notes or other such materials generated based upon such newly designated information are immediately treated as containing Confidential or Highly Confidential Material.  To the extent that such information may have been disclosed to anyone not authorized to receive Confidential or Highly Confidential Discovery Material under the terms of this Protective Order, the Receiving Party shall make reasonable efforts to retrieve the Discovery Material promptly and to avoid any further disclosure.  Should any Party seek to designate (or "upward designate" under Paragraph 3.3 hereof) for the first time as "Confidential" or "Highly Confidential" any Discovery Material less than five (5) days before the date of a duly-noticed deposition of a deponent, then, notwithstanding any provision herein to the contrary, such

Discovery Material may be shown to that deponent at his or her deposition provided that (a) the deponent is a current employee of the Disclosing Party (or, where relevant, of the "upward designating" party); or (b) the requirements of Paragraph 6.l(h)(2) hereof, have been satisfied.

6. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>.

6.1 <u>Disclosure of Confidential Information Documents</u>: Unless otherwise ordered by the Court or permitted in writing by the Disclosing Party, a Receiving Party may disclose any information or item designated as "Confidential" only to the following persons:

a) The Court and court personnel in the Action and any appellate court in the Action.

b) The Receiving Party and its Principals and employees.

c) The Receiving Party's Outside Counsel to whom it is reasonably necessary to disclose the information for the Action and their legal, clerical or support staff, including temporary or contract staff.

d) The Parties' insurers and insurers' counsel participating in matters relating to the Action and their legal, clerical or support staff, including temporary or contract staff.

e) Professional court reporters, their staffs or video operators transcribing or recording depositions or testimony in the Action, and Professional Vendors to whom disclosure is reasonably necessary for the Action.

f) Persons who Counsel have a good faith basis to believe are authors or recipients (including those referenced as "cc" or "bcc" recipients on a document (collectively, "cc's")) of the Confidential Discovery Material or who had access to or the authority to access or obtain such Confidential Discovery Material in the normal or authorized course of business (including but not limited to such Person's supervisor(s) at or after the time the material was created).

g) Any person who is a current employee of the Disclosing Party.

h)       Any witness who is called, or who counsel for a Party in good faith believes may be called, to testify at trial or deposition in this action, provided that (1) the testimony of such person has been duly noticed, or such person has been identified as a person with knowledge in a Party's initial disclosures or responses to interrogatories, or has been listed on a Party's pre-trial witness list; and (2) such person has either (a) executed the Acknowledgment; or (b) been provided with a copy of this Protective Order, and has been informed of the obligation not to disclose any information from any Protected Material to persons other than those specifically authorized by the Protective Order without express written consent of the Party who designated the information as Protected Material or order of the Court.

i)       Any Expert, provided that the Expert has first executed the Acknowledgment, and further provided that any report created by such Expert that relies on or incorporates Confidential Discovery Material in whole or in part shall be designated as "Confidential" by the Party responsible for its creation.

j)       Any outside photocopying, data processing, graphic production services, litigation support services, mock jurors or investigators employed by the Parties or their Counsel to assist in the Action and computer personnel performing duties in relation to a computerized litigation system.

k)       Any mediator or arbitrator engaged by the Parties to the Action, provided such person has first executed the Acknowledgment.

l)       Any other person or entity who counsel for the Disclosing Party agrees, after conferring in good faith, should have access to Confidential Discovery Material or who, upon motion with good cause shown, or upon application made by a Party (including by application made in the course of a deposition where the ability to show such material to the deponent is at issue), the Court orders may have access.

6.2       Disclosure of "Highly Confidential" Information: Unless otherwise ordered by the Court or permitted in writing by the Disclosing Party, a Receiving Party may

disclose information of items designated as "Highly Confidential" only to the following persons, provided however, that persons set out in this Paragraph 6.2(c), (g), (h), (i), (j) and (k) will sign the Acknowledgement prior to disclosure:

a)　　The Court and court personnel in the Action and any appellate court in the Action.

b)　　The Receiving Party's Outside Counsel to whom it is reasonably necessary to disclose the information for the Action and their legal, clerical or support staff, including temporary or contract staff.

c)　　The Parties' insurers and insurers' counsel participating in matters relating to the Action and their legal, clerical or support staff, including temporary or contract staff.

d)　　Professional court reporters, stenographers and video operators transcribing or recording depositions or testimony in the Action, and Professional Vendors to whom disclosure is reasonably necessary for this litigation.

e)　　Any person who Counsel has a good faith basis to believe authored or previously received the Highly Confidential Discovery Material (including "cc's"), or who had access to such Highly Confidential Discovery Material in the normal course of business in their capacity as a co-worker in the same business unit or as a direct or indirect supervisor of or compliance monitor of an author, recipient or "cc" of such material.

f)　　During the conduct of their depositions, to anyone who is either (i) a current employee of the Disclosing Party, provided that the requirements of Paragraph 6.1(i)(2) hereof, have been satisfied; (ii) a former officer (or one of their assistants) of the Disclosing Party, provided that they were employed by the Disclosing Party when the Highly Confidential material was created and provided that the requirements of Paragraph 6.1(h)(2) hereof, have been satisfied; or (iii) any fact witness to whom the disclosing party determines in good faith that disclosure is reasonably necessary and appropriate to assist in the conduct of the proceedings and the  requirements of Paragraph 6.1(h)(2) hereof, have been satisfied.

g)      Any Expert, provided that the Expert has first executed the Acknowledgment, and further provided that any report created by such Expert that relies on or incorporates Highly Confidential Discovery Material in whole or in part shall be designated as "Highly Confidential" by the Party responsible for its creation.

h)      Any outside photocopying, data processing, graphic production services, litigation support services, mock jurors or investigators employed by the Parties or their Counsel to assist in the Action and computer personnel performing duties in relation to a computerized litigation system.

i)      Any mediator or arbitrator engaged by the named parties to the Action, provided such person has first executed the Acknowledgment.

j)      Any person or entity who counsel for the Disclosing Party agrees, after conferring in good faith, should have access to Highly Confidential Discovery Material or who, upon motion with good cause shown, or upon application made by a Party (including by application made in the course of a deposition where the ability to show such material to the deponent is at issue), the Court orders may have access.

6.3     Disclosure of Personal Data: To the extent that any Discovery Material is designated "Personal Data-Confidential" or "Personal Data-Highly Confidential," the Receiving Party shall, in addition to whatever obligations are imposed under Paragraph 8 hereof, meet and confer with the Disclosing Party before producing such Discovery Material to a non-signatory to this Protective Order and/or has not executed an Acknowledgement.

7.      RESPONSIBILITY FOR COMPLIANCE. The Party's counsel who discloses Confidential or Highly Confidential Discovery Material to anyone in accordance with this Protective Order shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential or Highly Confidential Discovery Material is disclosed and shall obtain and retain the original Acknowledgements executed by qualified recipients of Confidential or Highly Confidential Discovery Material (if such execution is required by the terms of this order).  If it comes to a Party or non-party's attention

that any Discovery Materials that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other Parties that it is withdrawing the mistaken designation.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

8.1    If, at any time, any Discovery Materials governed by this Protective Order are subpoenaed by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the Party to whom the subpoena is directed shall, to the extent permitted by applicable law and the rules and requirements of any relevant governmental or regulatory authority, promptly, and in no event more than five (5) days if reasonably practicable, give written notice to the Disclosing Party and must include a copy of the subpoena or request.

8.2    The Party to whom the subpoena is directed also must immediately inform in writing the Party who caused the subpoena to issue that some or all of the material covered by the subpoena is the subject of this Protective Order and deliver a copy of this Protective Order promptly to the Party.

8.3    The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Disclosing Party in this case an opportunity to protect its confidentiality interest in the court from which the subpoena or order is issued.  The Disclosing Party shall bear all responsibility for any objections to the production of such Discovery Materials, except that the Party receiving any subpoena shall not voluntarily make any production of another Party's "Confidential" or "Highly Confidential" Discovery Materials until resolution of any objections interposed by the Disclosing Party, unless compelled by court order issued after giving notice to the Disclosing Party.  Nothing in this Protective Order shall be construed as authorizing or requiring a Party to disobey any law, court order, or information request or subpoena from any federal or state

agency or self-regulatory organization requiring the production of Discovery Materials, or as limiting the authority of the Court.

9.    <u>CHALLENGES TO DESIGNATIONS AND ACCESS</u>.   Entry of this Protective Order shall be without prejudice to any Party's motion for relief from or the modification of the provisions hereof or to any other motion relating to the production, exchange or use of any document or ESI, or other information in the course of the Action.  If, at any time, a Party objects to a designation of Discovery Materials as "Confidential" or "Highly Confidential," or disputes the limitations on access to be accorded such information under this order, that Party shall notify the Disclosing Party, in writing, of its disagreement and specifically identify the document or information or restriction on access in dispute. Following receipt of such notification, counsel for the Disclosing Party and the Party challenging the designation shall meet and confer in an effort to resolve any disagreement.  If, despite their good faith effort, the Parties do not resolve their disagreement within ten (10) days of the Disclosing Party's receipt of the written notice, either Party may thereafter petition the Court, consistent with the governing local rules and individual practices, regarding the propriety of the designation.  It is the burden of the Party seeking protection under this Protective Order to demonstrate that the "Confidential" or "Highly Confidential" designation is appropriate.  If no such motion is made within fifteen (15) days of the written objection to the designation, the material will lose its designation.  If a Party timely applies to the Court for a ruling on the designation, then until the Court rules on that motion, the Discovery Materials in question shall continue to be treated as "Confidential" or "Highly Confidential" under this Protective Order, and a challenge under this Paragraph shall not affect a Party's right of access to Confidential or "Highly Confidential Discovery Material or to disclose information as provided for in this Protective Order.  A Party does not waive its right to challenge a "Confidential," "Highly Confidential," or "Personal Data-Confidential," or "Personal Data-Highly Confidential" designation by not electing to mount a challenge promptly after the original designation is made.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.   If a Receiving Party learns that, by inadvertence, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order and (d) request such person or persons to execute the Acknowledgement that is attached hereto as Exhibit A.

11.     SUBMITTING "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL" MATERIAL TO THE COURT.   If a Party wishes to file a document containing "Confidential" or "Highly Confidential" material with the Court, they shall file it under seal pursuant to the requirements of the Court for filing.

12.     DOCUMENTS UNDER SEAL.   Each Party shall use its best efforts to minimize filings that necessitate the filing of documents and materials designated Confidential under seal.   No Party or other person may have access to any sealed document from the files of the Court without an order of the Court after giving notice to the Parties. This provision does not relieve the filing Party of serving the document on other Parties in accordance with ordinary procedures established by the civil and local rules or Court order. Regardless of any provision in this Order to the contrary, a Party does not have to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that Party.

13.     USE AND DISCLOSURE OF INDEPENDENTLY OBTAINED INFORMATION.   Nothing herein shall impose any restriction on the use or disclosure by a Party or its agent of its own information, of publicly available information, of information lawfully available to that Party or of information that lawfully came into the possession of the Party independent of any disclosure of Discovery Material made in the Action.

14.    ADVICE TO CLIENT.  Nothing in this Protective Order will bar or otherwise restrict counsel from rendering advice to his or her client with respect to this matter or from generally referring to or relying upon "Confidential" or "Highly Confidential" material in rendering such advice so long as Counsel does not specifically disclose the substance of the "Confidential" or "Highly Confidential" material.

15.    PRE-TRIAL APPLICATION ONLY.  This Protective Order shall apply to pre-trial proceedings in the Action and shall have no application at trial.  The Parties agree to confer in good faith on a protective order to govern during any trial in the Action.  This Protective Order, however, shall remain in effect until such time as an order to govern trial proceedings is entered.

16.    DURATION OF ORDER/RETURN OF "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL" INFORMATION.  All provisions of this Protective  Order  restricting the  use of Confidential or Highly Confidential information shall continue to be binding after the conclusion of the Action unless otherwise agreed or ordered by the Court within sixty (60) days of the conclusion of the Action (whether by entry of a final order of dismissal, judgment, settlement, disposition on appeal or otherwise, and when  the time for any further appeals has expired), all Parties in receipt of Confidential or Highly Confidential Discovery Material shall make commercially reasonable efforts either to  return such materials and copies thereof to the Disclosing Party or to destroy such materials and certify that fact.  The Receiving Party is not required to return or destroy Confidential Material that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) is located in the email archive system or archived electronic files of departed employees; or (iii) is subject to legal hold obligations provided however, that these materials continue to be subject to the terms of this Protective Order.  Backup storage media will not be restored for purposes of returning or certifying destruction of Confidential or Highly Confidential Discovery Material, but such retained information shall continue to be treated in accordance with the Protective Order.  Counsel of record shall also be permitted to keep a

copy of Confidential or Highly Confidential Discovery Material to the extent that it is incorporated into any pleadings, motions or other work product.  In that case, counsel of record shall continue to treat the Confidential or Highly Confidential Discovery Material in accordance with this Protective Order.  Upon request, counsel of record shall certify in writing that they have complied with this Paragraph.

17.     <u>RESERVATION OF RIGHTS</u>.  Nothing contained in this Protective Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any Party as an admission by a Party or a Party opponent.  Nothing in this Protective Order shall be deemed an admission that any particular information designated as "Confidential" or "Highly Confidential" is entitled to protection under the Protective Order, Rule 26(c) of the Federal Rules of Civil Procedure or any other law. Nothing in this Protective Order shall be construed as granting any person or entity a right to receive specific "Confidential" or "Highly Confidential" information where a court has entered an order precluding that person or entity from obtaining access to that information. The Parties specifically reserve the right to challenge the designation of any particular information as "Confidential" or "Highly Confidential" and agree that by stipulating to entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to introduction or use as evidence of any of the Disclosure or Discovery Material covered by this Protective Order.

18.     <u>STANDARD OF CARE</u>.  The recipient of any Confidential or Highly Confidential Discovery Material shall maintain such material in a secure and safe area and shall exercise a standard of due and proper care with respect to the storage, custody, use and/or dissemination sufficient to safeguard against unauthorized or inadvertent disclosure of such material.  Confidential or Highly Confidential Discovery Material shall not be copied, reproduced, extracted or abstracted, except to the extent that such copying, reproduction, extraction or abstraction is reasonably necessary for the conduct of the Action.  All such

copies, reproductions, extractions and abstractions shall be subject to the terms of this Protective Order and labeled in the same manner as the designated material on which they are based.  The recipient of Personal Data shall protect these materials with the same degree of care that they use to protect and safeguard their own like information, but not less than the degree of care required of financial institutions to meet their own obligations as to such data given its sensitivity and value.  Such measures shall include, but are not limited to, maintaining the data in encrypted form when not being used, restricting access to the data to persons employed by counsel or experts who are actively assisting counsel and experts in the Actions, and ensuring that the data is not copied, reproduced, extracted or abstracted except to the extent that such acts are reasonably necessary for the conduct of the Actions.  Any such copies, reproductions, extractions or abstractions are Personal Data and are subject to the same restrictions and controls.

19.    USE AND DISCLOSURE OF OWN INFORMATION.    Nothing in this Protective Order shall be construed to limit any Disclosing Party's use or disclosure of its own documents, materials or information that have been designated as "Confidential" or "Highly Confidential" pursuant to this Protective Order.

20.    EFFECT ON OTHER AGREEMENTS.  Nothing in this Protective Order shall be construed to effect, amend, or modify any existing confidentiality agreements between, or protective orders applicable to, any of the Parties hereto.

21.    MODIFICATION.  This Protective Order may be changed only by agreement of the Parties or by an order of this Court.  Except as provided herein, this Protective Order shall not prejudice the right of any Party or non-party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modification of this Protective Order upon due notice to all other Parties and affected non-parties.

22.    THIRD-PARTY DISCOVERY.

22.1    The Parties shall serve a copy of this Protective Order simultaneously with any discovery request made to a non-party in the Action.  Any Party shall be entitled to

seek and enforce compliance with any non-party subpoena served in this matter by any other Party.  Further, in the event a non-party produces information in response to a subpoena or request, any Party receiving such information from the non-party shall ensure that all other Parties receive copies of the non-party's production within ten (10) days of Party's receipt of such production, or in the case of voluminous material or other exceptional circumstances, the Party receiving such information from the non-party shall notify all other Parties of its receipt of such production within five (5) days, and shall provide copies of the non-party production to all other Parties as soon as practicable.

22.2    A non-party from whom discovery is sought by one or more Parties to the Action may designate Discovery Material that it produces as "Confidential" or "Highly Confidential" consistent with Paragraph 3 hereof, and the other terms of this Protective Order. Under such circumstances, Discovery Material designated "Confidential, "Highly Confidential," "Personal Data-Confidential" or "Personal Data-Highly Confidential" by a non-party shall be assigned the same protection as Discovery Material so designated by a Disclosing Party, and all duties applicable to a Disclosing Party under this Protective Order shall apply to the non-party.

23.    <u>NEW PARTIES TO THE ACTION</u>.  In the event that additional persons or entities become parties to the Action, such parties shall not have access to Confidential or Highly Confidential Material produced by or obtained from any Disclosing Party until the newly joined parties or their counsel endorse a copy of the Acknowledgement and file it with the Court.

24.    <u>COURT RETAINS JURISDICTION</u>.  The Court <u>shall</u> retain jurisdiction even after final disposition of this litigation to enforce this Protective Order by the sanctions set forth Rule 37 of the Federal Rules of Civil Procedure and any other sanctions as may be available to the presiding judge, including the power to hold Parties or other violators of this Protective Order in contempt and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

25.     EXECUTION.  This Protective Order may be executed in counterparts.  This Protective Order shall become effective as a stipulation as among the executing Parties immediately upon its execution by such executing Parties.

**SO STIPULATED AND AGREED:**

*Partha P. Chattoraj*
Partha P. Chattoraj
Lawrence P. Gottesman
Allegaert Berger & Vogel LLP
111 Broadway, 20th Floor
New York, New York 10006

*Counsel for Plaintiff*

*H. Peter Haveles, Jr.*
H. Peter Haveles, Jr.
Caroline A. Incledon
McDermott Will & Emery LLP
340 Madison Avenue
New York, New York 10173-1992

*Counsel for Defendant Berkadia Commercial Mortgage, LLC*

*Aaron C. Jackson*
Aaron C. Jackson
Polsinelli PC
600 Third Avenue, 42nd Floor
New York, New York 10016
Amy E. Hatch
Aaron C. Jackson
Bradley Gardner
900 West 48th Place, Suite 900
Kansas City, Missouri 64112

*Counsel for Defendant KeyBank National Association*

SO ORDERED.

Dated: October 16, 2020
        New York, New York

_____
ANALISA TORRES
United States District Judge

22