USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/18/2020_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, AS SUCCESSOR IN INTEREST TO BANK OF AMERICA, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-C2, ACTING BY AND THROUGH ITS SPECIAL SERVICER, TORCHLIGHT LOAN SERVICES, LLC,

Plaintiff,

-against-

KEYBANK, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO KEYCORP REAL ESTATE CAPITAL MARKETS, INC. AND BERKADIA COMMERCIAL MORTGAGE, LLC,

Defendants.

20 Civ. 3577 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On November 19, 2020, Defendant, Berkadia Commercial Mortgage, LLC ("Berkadia") requested permission to serve a deposition subpoena by alternative service on Simon Miller, a former employee of Plaintiff, Torchlight Loan Services, LLC. ECF No. 51 at 1. Berkadia seeks leave to serve Mr. Miller by delivering a copy of the subpoena to his last known address by FedEx. *Id.* at 2. Plaintiff's counsel did not object to the request. *Id.* Berkadia's request is GRANTED.

Rule 45 of the Federal Rules of Civil Procedure states that, "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). Some courts in the Central District of California, where Mr. Miller resides, have permitted alternative service. *In re Subpoena v. VaughnPerling,* No. 19 Misc. 83, 2019 WL 8012372, at *3 (C.D. Cal. Dec. 2, 2019) ("The Ninth Circuit has not ruled whether Rule 45 requires personal service"); *Green v. Baca,* No. 2 Civ. 204744, 2005 WL 283361, at *2 n.1 (C.D. Cal. Jan. 31, 2005) ("The Court agrees. . . with those that have held that effective service under Rule 45 is not limited to personal service . . . . Such language [of Rule 45] neither requires in-hand service nor prohibits alternative means of service.") (internal quotation marks omitted); *see also Fujikura Ltd. v. Finisar Corp.*, No. 15 Misc. 80110, 2015 WL 5782351, at *6 (N.D. Cal. Oct. 5, 2015) ("There appears to be a growing—although still minority—trend among courts to allow substitute service of a Rule 45 subpoena, such as mail delivery, so long as the method of service is reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to

quash."). And, courts are "more inclined to grant alternative service where the serving party has been diligent yet unsuccessful at earlier attempts to make personal service and sought in advance leave of court to serve by alternative service." *Luxottica Grp. S.p.A. v. Liquidity Servs. Inc.*, No 18 Civ. 7821, 2019 WL 2620727, at *1 (C.D. Cal. May 24, 2019).

Berkadia has undertaken diligent efforts to serve Mr. Miller. Berkadia represents that it has attempted to serve Mr. Miller at his residence in Los Angeles, California on six occasions. ECF No. 51 at 1. On the fifth attempt, Berkadia's process server indicated that a neighbor confirmed the residence of service as Mr. Miller's current address. *Id*. On the final occasion, an individual at the residence who identified herself as Mr. Miller's wife told the process server that Mr. Miller would not come to the door to accept service. *Id*.

Thus, the Court finds that Rule 45 should be construed as provided in Rule 1, "to secure the just, speedy, and inexpensive determination of every action," which would allow for alternate means of service. *Toni Brattin & Co., Inc. v. Mosaic Int'l, LLC*, No. 15 Misc. 80090, 2015 WL 1844056, at *3–4 (N.D. Cal. Apr. 9, 2015) ("[T]he Federal Rules of Civil Procedure should not be construed as a shield for a witness who is purposefully attempting to evade service.").

Accordingly, Berkadia is granted leave to serve Mr. Miller by delivering a copy of the subpoena to his last known address by FedEx.

SO ORDERED.

Dated: December 18, 2020
         New York, New York

_____
ANALISA TORRES
United States District Judge