USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/21/2022_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, AS SUCCESSOR IN INTEREST TO BANK OF AMERICA, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-C2, ACTING BY AND THROUGH ITS SPECIAL SERVICER, TORCHLIGHT LOAN SERVICES, LLC,

                Plaintiff,

-against-

KEYBANK, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO KEYCORP REAL ESTATE CAPITAL MARKETS, INC. AND BERKADIA COMMERCIAL MORTGAGE, LLC,

                Defendants.

20 Civ. 3577 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiff, U.S. Bank National Association, as Trustee, as successor in interest to Bank of America, N.A., as Trustee for the registered holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2007-C2, acting by and through its special servicer, Torchlight Loan Services, LLC, brings this action against Defendants, Keybank, National Association, and Berkadia Commercial Mortgage, LLC, bringing various state law claims for breach of contract, on the basis of diversity jurisdiction. *See generally* Second Am. Compl., ECF No. 76. Defendants have moved to dismiss the second amended complaint. ECF Nos. 82, 85. Because the Court cannot determine, based on the pleadings before it, whether it has diversity jurisdiction over this action, Defendants' motions to dismiss are DENIED without prejudice to renewal following the filing of an amended complaint that properly sets forth the basis for diversity jurisdiction.

      The second amended complaint establishes that Defendants are citizens of Ohio, New York, Delaware, and Nebraska. Second Am. Compl. ¶¶ 2–3. But, it does not adequately establish Plaintiff's citizenship for purposes of diversity jurisdiction. Plaintiff is a trustee suing on behalf of a securitized trust. Second Am. Compl. ¶ 1. "[A] trustee is a real party to the controversy for purposes of diversity jurisdiction, when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 464 (1980). The second amended complaint does not establish that Plaintiff has these "customary powers," through reference, for instance, to the relevant Pooling and Service Agreement (the

"PSA") between Plaintiff and its trust, and it is therefore not clear whether the Court should properly deem Plaintiff the "real party in interest" under Federal Rule of Civil Procedure 17. *U.S. Bank Nat'l Ass'n v. Nesbitt Bellevue Properties, LLC*, 859 F. Supp. 2d 602, 606, 609 (S.D.N.Y. 2012) (examining relevant agreement to find that trustee is not a "mere conduit[] for a remedy flowing to others.")

Moreover, the second amended complaint does not allege the citizenship of Plaintiff's special servicer, Torchlight Loan Services, LLC;[1] nor does it establish that Torchlight's citizenship should not be considered in determining diversity jurisdiction. In a letter to the Court, Plaintiff states that Torchlight's citizenship "is not considered for purposes of diversity jurisdiction." ECF No. 29 at 1. But, the cited cases do not establish this as a hard-and-fast rule—instead, they make clear that Plaintiff retains the burden of demonstrating, with specific reference to the relevant PSA, that "the Special Servicer's stake in the litigation" is sufficiently *de minimis* to foreclose consideration of its citizenship in the diversity analysis. *Nesbitt*, 859 F. Supp. 2d at 608–09. Plaintiff makes no such showing here.

Accordingly, by **April 4, 2022**, Plaintiff shall file an amended complaint and a supplemental letter, if necessary, that addresses these jurisdictional deficits. Plaintiff must seek the Court's leave should they wish to include any other changes to their pleading. Defendants' motions to dismiss are DENIED without prejudice to renewal after the filing of the third amended complaint. The Clerk of Court is directed to terminate the motions pending at ECF Nos. 82 and 85.

SO ORDERED.

Dated: March 21, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] As a limited liability company, or LLC, Torchlight is deemed to be a citizen of each state of which its members are citizens—thus, any amended pleading must include the citizenship of all of Torchlight's constituent members. *See, e.g.*, *Haldelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000).